UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David James, # 181333, | ) C/A No. 2:09-591-TLW-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Don Sorenson;<br>David Pascoe;<br>Lesley Coggiola, and<br>Samuel Mokeba, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] David James (Plaintiff) is currently confined at Broad River Correctional Institution, serving sentences entered by the Richland County General Sessions Court. In the Complaint filed in this case, Plaintiff claims that his public defenders (Defendants Coggiola and Mokeba) were inexperienced and violated his constitutional rights by representing him at a 2002 trial on several serious charges of which he was ultimately convicted. He also claims that the state Solicitors (Defendants Sorenson and Pascoe) involved in the case violated his constitutional rights by continuing to prosecute him on the Richland County charges despite his lack of experienced, competent counsel. The only relief Plaintiff requests for the alleged constitutional violations is a new trial

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and/or release from prison through the vacation/reversal of his convictions.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less

stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

This case was begun by Plaintiff's submission of a court-approved prisoner complaint form containing allegations of federal constitutional violations. Accordingly, despite Plaintiff's failure to cite to any specific federal statute as a basis for the Court to exercise jurisdiction over his claims, the Complaint is being liberally construed as having been filed pursuant to 42 U.S.C. § 1983.[2] As stated above, the only relief for the alleged violations requested in this case is a new trial and/or release from prison. This is relief that cannot be granted by this Court in a civil case filed under § 1983. Instead, Plaintiff should have filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in order to request release.[3]

Although § 1983 does provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, according

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[3] Under § 2254, a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

to the United States Supreme Court "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. at 481 ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). It is settled law that, under the type of circumstance present in this case, claims seeking "a quantum change in the level of custody" are properly considered in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005).

Moreover, even if Plaintiff had requested relief in the form of damages, this case would still be subject to summary dismissal because it does not appear that Plaintiff has had his 2002 Richland County convictions overturned or set aside by way of a successful direct appeal, state post-conviction relief application, or habeas corpus proceeding or otherwise. With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has

> not been so invalidated is not cognizable under
> § 1983. Thus, when a state prisoner seeks damages
> in a § 1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction
> or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been
> invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Since Plaintiff had not been successful in having his convictions set aside before he filed this case, and because Plaintiff's allegations of ineffective, unprepared, and inexperienced legal counsel, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants because of their involvement in his prosecution, conviction, and/or ultimate imprisonment. *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also*

28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

March 16, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).